THE MORRIS CANAL AND BANKING COMPANY v. SARAH VAN VOORST ADM'X. &c.

In Debt on Bond with a special condition. Matter of Practice.

The plaintiff having declared, setting out the special condition of a bond, and assigning a breach thereon, and the defendant having pleaded several pleas in bar; the plaintiff, on payment of costs, was permitted to amend by striking out the recital of the condition and the assigment of a breach, so as to make the declaration general, as on a money bond.

The amendment allowed without prejudice to the question, if any, whether such declaration will be sufficient.

---

*A. Armstrong* for plaintiffs moves for leave to amend the declaration, by striking out the recital of the condition of the bond, and the assignment of a breach.

*P. D. Vroom*, contra. This is not a motion to amend, but to

alter the declaration; to change its character, and make it in form a declaration upon a common money bond, instead of being, as it now is, a declaration on a bond conditioned for the performance of certain duties. Besides, the plaintiffs have made their election, and they ought to be bound by it. By assigning a breach they have drawn out the whole of the defence, and now they wish to pursue another course, by which the defendant may be precluded from some of her defences.

The opinion of the Court, was delivered by

HORNBLOWER, C. J.    It is true, that it is for the benefit of the defendant, to have the breaches assigned in the declaration; for then she may put in as many pleas by leave of the court, as the nature of her defence may require: whereas upon a general declaration she can only crave oyer and then plead performance or some special matter, without knowing in what particulars the plaintiff intends to assign breaches; and when the plaintiff in his replication sets out breaches, the defendant cannot depart from her plea, nor give more than one answer to each breach assigned; for the statute which gives double pleas, does not extend to replications or subsequent pleadings; 1 *Chitt. Pl.* 549; and since the plaintiffs have made their election, I do not know but we ought to hold them to it. In *Wright* v. *Ager*, 5 *Moore*, 330, the plaintiff had declared upon the statute of 32 *Geo.* 2, for penalties, against a sheriff's officer for extortion: he afterwards moved for leave to add counts upon 23 *Hen.* 6, but the court refused to allow it, as two terms had elapsed, and the plaintiff had made his election.

But according to the decisions of this court, in *Beatty et al* v. *Ivins*, 2 *Penn. R.* 628, and *Chetwood* adsm. *The State Bank at Elizabeth* 2 *Halst.* 32, it would seem that a plaintiff may declare generally, on such a bond, if he chooses to do so; and if this motion is denied, he has only to discontinue, and commence a new action. And as long ago as in 21 *Geo.* 2, in *Garway* v. *Stevens, Barnes' Notes* 19, the plaintiff, although he was out of time, was permitted to amend, by adding a new count, to save him the trouble and expense of a discontinuance and a new suit; and it would seem therefore at this day, when amendments are,

allowed with greater liberality than formerly, that we ought not to deny this motion. That the defendant will not be able, so advantageously to defend herself, on a general declaration, as on one assigning breaches, is no objection to allowing the motion. The effect of every amendment is to take from the opposite party some advantage which he before possessed. *Mestaer* v. *Hurtz*, 3 *M. and S.* 450; 1 *Petersd. Abr.* 505. Upon the whole therefore, let the plaintiffs, amend as prayed for, on payment of the costs the defendant has been put to, and let defendant have time to plead, after service of a copy of the amended declaration. But as the defendant's counsel intimated his intention to question the sufficiency of a general declaration on such a bond, this amendment must be considered as allowed without any prejudice to such a question if it should be raised by the defendant.

*Motion granted* per *tot. cur.*

*Same case, Spencer* 167–200; 1 *Zab.* 100; 3 *Zab.* 98.